Dear Chief Duhon:
We received your request for an opinion regarding the promotion of employees within your department. After reviewing your request and discussing the matter with you, it is our understanding that you specifically question your authority to promote and increase the salaries of your employees without the approval of the council. We understand from you that the funds for the proposed salary increases are within your current budget.
Carencro is a Lawrason Act municipality with an elected Chief of Police. Pursuant to La. R.S. 33:423, the Police Chief has the general responsibility of law enforcement in the given municipality. This statute also provides that the Police Chief is to make recommendations to the Mayor and Board of Aldermen for the appointment of police personnel, for the promotion of officers, for disciplinary action, and for the dismissal of police personnel. The Louisiana Supreme Court has in fact recognized that the Chief of Police of a Lawrason Act municipality is the chief law enforcement officer of the municipality and, as such, has the inherent power of supervision over the police department. Lentini v.City of Kenner, 211 So.2d 311 (La. 1968). Our office has recognized this principle in numerous opinions. See Attorney General Opinions 00-96, 00-113, 99-406, and 99-27. As noted in these prior opinions, the actual appointment and dismissal power of police personnel in a Lawrason Act municipality is vested in the Mayor and Board of Aldermen. However, this power is contingent upon the recommendation of the Chief of Police. All employees of the police department are included in the term "police personnel". See Attorney General Opinion 99-48.
Thus, as set forth in the statute and opinions noted above, the Chief of Police in a Lawrason Act municipality must make a recommendation to the Mayor and Board of Aldermen for the promotion of police personnel. The mayor and Board of Alderman have the power to promote police personnel, subject, of course, to your recommendation. Therefore, neither the Board of Aldermen nor the Chief of Police may act unilaterally to promote police personnel.
With regard to increasing the salaries of your employees, please note that because the Mayor and Board of Aldermen are empowered to hire all municipal employees, including police personnel, they have the authority to compensate police personnel contingent, of course, on your recommendation. See Attorney General Opinion 00-113. As such, it is our opinion that you may not unilaterally increase the salaries of your employees. You may recommend the salary increases to the Mayor and Board of Alderman who, by ordinance, actually effectuate the salary increases.
You also questioned if you could increase your salary with existing funds in your budget for salaries without the approval of the council. La. R.S. 33:404.1 provides that your compensation, as a municipal officer, is fixed by the Board of Alderman by ordinance. Thus, it is our opinion that only the Board of Aldermen has the authority to increase your salary by ordinance. You cannot do so on your own.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt